Filed 1/27/22  P. v. Fortman CA2/2

Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PHILLIP CHARLES FORTMAN,<br><br>Defendant and Appellant. | B304567<br><br>(Los Angeles County Super. Ct. Nos. 319016, 319060)<br><br>**OPINION ON REMAND** |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Reversed and remanded.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Phillip Charles Fortman (defendant), who was convicted of first degree murder, appeals from the denial of his petition for resentencing under Penal Code section 1170.95.[1]  In our original opinion we reversed the trial court's order denying his petition and remanded the matter for a new evidentiary hearing at which the People were required to prove to the trial court beyond a reasonable doubt that defendant was the actual killer, aided and abetted the actual killer with the intent to kill, or was a major participant who acted in reckless disregard for human life. (*People v. Fortman* (May 13, 2021, B304567), previously published at *People v. Fortman* (2021) 64 Cal.App.5th 217 (*Fortman II*).)  The California Supreme Court granted review on July 21, 2021, and, in an order filed December 22, 2021, transferred the case back to this court with directions to vacate our prior decision and reconsider in light of Senate Bill No. 775 (Senate Bill 775) (2020-2021 Reg. Sess.; Stats. 2021, ch. 551).

It is therefore ordered that the previous opinion and decision (*Fortman II*) filed in this case is vacated.  Upon reconsideration in light of Senate Bill 775, we again conclude

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

that the trial court erred in denying defendant's petition. We accordingly remand the matter for a new evidentiary hearing pursuant to section 1170.95, subdivision (d)(3).

## FACTS AND PROCEDURAL BACKGROUND

I.    Facts

### A.    *The underlying crime*

On the last Saturday in January 1966, defendant and Tim Hartman (Hartman) used the $4 they had earned that day soliciting contributions at the Purple Heart Veteran's Service to buy themselves cigarettes and cheap wine. While drunk, they saw an elderly man on the street and decided to "roll him" (that is, to take what money he had). They viciously attacked him by repeatedly punching and kicking him, and then turned out his pockets and discovered he had no money. The man died from his injuries a few days later.

### B.    *Charging, conviction and appeal*

The People charged defendant and Hartman with (1) murder (§ 187), and (2) attempted second degree robbery (§ 211). The jury was instructed that each defendant could be liable for murder (1) as a person who acted with malice (that is, as the actual killer or a person who, with intent to kill, aided and abetted the actual killer), or (2) on a felony-murder theory (that is, on the theory that they jointly committed the felony of robbery and thus were jointly liable for the murder resulting from that robbery), or (3) on a natural and probable consequences theory (that is, on the theory that they aided and abetted one another to commit robbery and are jointly liable for a murder that is the "ordinary and probable effect of the pursuit of" the robbery). The jury convicted defendant (and Hartman) of first degree murder and attempted second degree robbery. The court sentenced

defendant to life in prison for the murder and imposed a suspended sentence on the attempted robbery. We affirmed defendant's convictions and sentence in a published decision. (*People v. Fortman* (1967) 257 Cal.App.2d 45 (*Fortman I*).)

## II. Procedural Background

On January 14, 2019, defendant filed a petition seeking resentencing under section 1170.95. In the form petition, defendant checked the boxes for the allegations that he had been charged with murder, that he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine," and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019." The People opposed the petition on the ground that (1) section 1170.95 is unconstitutional, and (2) defendant is ineligible for relief as a matter of law because he (a) was the actual killer, (b) directly, and with the intent to kill, aided and abetted the actual killer, or (c) was a major participant who acted with reckless indifference to human life. After receipt of defendant's reply, the court convened a "hearing" at which it ruled that defendant was "ineligible" for relief under section 1170.95 because, "based on the record of conviction," defendant "could have been very well . . . convicted under [the] theories of murder that[ have] continued to exist after the passage of SB 1437."[2]

---

[2]     Although the trial court hedged on whether the purpose of the hearing was to determine whether to issue an order to show cause (OSC) or instead to assess whether defendant was eligible for resentencing following the entry of an OSC, the court's ultimate finding of defendant's ineligibility for relief indicates that it was the latter. (Accord, *People v. Gentile* (2020) 10 Cal.5th 830, 853 (*Gentile*) [purpose of post-OSC hearing is to "determine

4

Defendant timely appealed, and we reversed the order denying the petition. The Court of Appeal was split regarding the standard of proof at section 1170.95 evidentiary hearings and in our opinion we sided with the majority view requiring the People to prove every element of liability for murder under the amended statutes beyond a reasonable doubt.[3] The Attorney General petitioned for review in the Supreme Court. The Supreme Court granted review; transferred the matter back to this court; and directed us to vacate our prior decision and reconsider in light of Senate Bill 775. (Stats. 2021, ch. 551.) Following the transfer, the Attorney General and defendant submitted supplemental briefs addressing the impact of Senate Bill 775 on this case.

## DISCUSSION

In his supplemental brief, the Attorney General concedes that reversal and remand for a new hearing under the correct standard is appropriate. We agree.

Section 1170.95 sets forth a two-step procedure. In the first step, the petitioner seeking to vacate a murder conviction must make a "prima facie showing" of entitlement to relief by establishing that (1) the conviction was based on a charging document that "allowed the prosecution to proceed under a theory

whether to vacate the murder conviction" or whether the petitioner is "ineligible" for such relief].)

[3] The minority view obligated the People only to show that substantial evidence in the record supported a finding of liability under a still-valid theory of murder. (*People v. Duke* (2020) 55 Cal.App.5th 113, review granted Jan. 13, 2021, S265309, judg. vacated and cause remanded Nov. 23, 2021, for reconsideration in light of Sen. Bill 775.)

of felony murder[ or] murder under the natural and probable consequences theory," (2) the petitioner was convicted of murder, and (3) the petitioner "could not presently be convicted of murder . . . because of [the] changes" made by Senate Bill 1437 to the statutes defining murder.  (§ 1170.95, subds. (a), (c).)  If this first step is met, the second step is for the trial court to issue an order to show cause and convene a hearing "to determine whether the petitioner is entitled to relief" under section 1170.95; at that hearing, the prosecution bears "the burden" of "prov[ing], beyond a reasonable doubt" that the petitioner is ineligible for section 1170.95 relief.  (*Id.*, subd. (d)(1) & (3).)  At that hearing, the prosecutor and petitioner may "offer new or additional evidence to meet their respective burdens."  (*Id.*, subd. (d)(3).)

The original text of section 1170.95 subdivision (d)(3) was ambiguous because it did not expressly define when a petitioner is "ineligible," i.e., what showing the prosecution must make in order to "prove beyond a reasonable doubt" that the petitioner is not entitled to relief under that section.  One of the purposes of Senate Bill 775 was to "specify that a finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (Legis. Counsel's Dig., Sen. Bill 775 (2021-2022 Reg. Sess.).)

Senate Bill 775 took effect on January 1, 2022.  It amended section 1170.95, subdivision (d)(3), to state in pertinent part: "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the

6

changes to Section 188 or 189 made effective January 1, 2019. . . . A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (§ 1170.95, subd. (d)(3), as amended by Stats. 2021, ch. 551, eff. Jan. 1, 2022.)

The trial court in this case applied a substantial evidence standard, finding defendant "could have been very well . . . convicted under [the] theories of murder that[ have] continued to exist after the passage of [Senate Bill] 1437."  As we previously stated in *Fortman II*, the People are required to prove to the trial court *beyond a reasonable doubt* that the petitioner is guilty of murder on a theory of murder valid after Senate Bill 1437's enactment.  Because the trial court in this case did not apply this heightened standard, we reverse its order and remand for a new hearing under the correct standard.

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed, and the matter remanded for a new evidentiary hearing pursuant to section 1170.95, subdivision (d)(3), as amended by Senate Bill 775.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

8